815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Scott TALBOTT, Plaintiff-Appellant,
v.
FMC CORPORATION; Lloyd Peters; Wallace Shatsnider; Homer
Proctor, Defendant- Appellees.
 No. 86-1151.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1987.
Decided March 27, 1987.
 
 Before PHILLIPS and ERVIN, Circuit Judges, Frank A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 Leonard A. Orman (Orman & Dilli, on brief), for appellant.
 Gary Igal Strausberg (Melnicove, Kaufman, Weiner, Smouse & Garbis, P.A., on brief), for appellee.
 PER CURIAM:
 
 
 1
 In 1979, Appellant Scott O. Talbott (Talbott), a construction equipment oiler, seriously injured his hand in the gears of a crane manufactured by appellee FMC Corporation (FMC). He first filed suit against FMC in state court but the case was removed to United States District Court for the District of Maryland. Talbott, pursuing a strict liability claim in tort, alleged that the FMC crane was inherently unsafe, unreasonably dangerous, and defective because FMC failed to place adequate guards, hoods, or shields around the gears in which he caught his hand, and because FMC failed to warn him adequately of the danger. Talbott abandoned a related negligence claim before trial, and the district court directed a verdict for FMC on a related warranty claim since the limitations period for that claim had run. After a trial lasting from September 9 to September 12, 1985, the jury returned a verdict for FMC. Talbott has appealed from the resulting judgment making various assignments of error. Because we conclude that Talbott's claims are either without merit, or were not properly raised during the trial, we affirm.
 
 
 2
 * Most of the alleged errors Talbott points to are patently without merit. He insists that the trial judge erred in refusing to allow him to introduce into evidence various FMC safety manuals and product safety monographs during the direct examination of his expert witness. The record reveals, however, that the judge merely demanded a proper foundation for their admission, which the expert could not provide, and that he in fact admitted the materials promptly when a subsequent witness provided the necessary foundation. Talbott also claims that the trial judge impermissibly restricted the scope of his crossexamination of an FMC expert witness by sustaining objections to his inquiries into the expert's testimony in other cases. A fair reading of the trial transcript, however, reveals that the judge in fact allowed such questions, but only when Talbott's attorney could demonstrate the relevance of the prior testimony. Talbott also asserts that the trial judge improperly excluded evidence of prior accidents involving similar cranes. The record, however, reveals no foundation establishing the "substantial similarity" of these prior accidents, and without such a foundation admission was clearly inappropriate. Talbott further claims that the trial judge improperly refused to admit into evidence during the crossexamination of the FMC expert a document produced by FMC in 1980 which discussed potential product improvements. Since the witness never controverted the feasibility of improving the crane, however, such a document was improper impeachment material. Each of these alleged errors demonstrates only that the trial judge required Talbott to lay a proper foundation for his admissions of evidence and lines of examination, and that Talbott sometimes could not do so.
 
 
 3
 We also find completely without merit Talbott's claim that the judge inaccurately told the jury after the charge that it must agree unanimously on "all five elements" of the strict liability claim in order to find for Talbott. Talbott's objection seems to be that the judge's response ignored the balancing of risk and utility recognized in Maryland strict products liability case law. This balancing test does not, however, obviate Talbott's need to prove all five elements of his strict liability claim: that the crane was unreasonably dangerous, that it was in a defective condition, that the defect proximately caused his injuries, that the crane's condition was not substantially altered, and that Talbott was in fact injured. The role of the utility-risk balancing test in assessing the single element of unreasonable dangerousness was properly explained to the jury in their instructions. The trial judge in no way misled the jury to Talbott's detriment.
 
 II
 
 4
 Talbott's only assignments of error having any arguable merit concern the judge's instructions on assumption of the risk. During the trial, FMC offered evidence that Talbott injured his hand not while oiling the crane but while retrieving a newspaper which fell into the gears. FMC also presented evidence that Talbott was aware of the danger posed by the gears while the crane's master clutch was engaged, and that he voluntarily confronted that danger by disregarding warnings and standard operating procedure.
 
 
 5
 Under Maryland law, assumption of the risk is a valid affirmative defense to a claim in strict liability. Ellsworth v. Sherne Lingerie, Inc., 495 A.2d 348 (Md. 1985). Accordingly, the trial judge instructed the jury: "the manufacturer is not responsible if the user was aware of the unreasonable condition, alleged to exist...."
 
 
 6
 As an explanation of assumption of the risk, this instruction is incomplete. Had Talbott requested a fuller instruction, the judge should have informed the jury that there are three interrelated subjective elements to assumption of the risk:
 
 
 7
 (1) the plaintiff actually knew and appreciated the particular risk and danger created by the defect; (2) the plaintiff voluntarily encountered the risk while realizing the danger; and (3) the plaintiff's decision to encounter the known risk was unreasonable.
 
 
 8
 Sheehan v. Anthony Pools, A Division of Anthony Industries, Inc., 440 A.2d 1085, 1092 n.11 (Md. Ct. Spec. App. 1982). The trial judge's brief unadorned reference to "awareness," without more, oversimplifies the doctrine and Talbott was entitled to receive a better instruction upon timely request.
 
 
 9
 Unlike the plaintiff in ,Sheehan, however, Talbott made no such request. While he did offer an instruction on contributory negligence, Sheehan itself underscores the impropriety of such an instruction when, as here, there is no negligence claim before the jury. 440 A.2d at 1092. Talbott never alluded to the approved Sheehan instruction, and never articulated his misgivings about the judge's language so as to guide him in formulating a better instruction. Rule 51 of the Federal Rules of Civil Procedure represents a considered judicial policy against rewarding unsuccessful litigants with a second chance before a jury when they only belatedly discover the full implications of their vague objections to imperfect instructions. The error was not fundamental, cf. Furka v. Great Lakes Dredge & Dock Co., Inc., 755 F.2d 1085 (4th Cir. 1985); Miller v. Premier Corp., 608 F.2d 973, 983 (4th Cir. 1979), hence does not warrant correction under the circumstances.
 
 
 10
 AFFIRMED.